I iGUIDRY, Judge Pro Tem.
This workers compensation case is before this court on remand from the Louisiana Supreme Court for a reconsideration of plaintiff’s disability status. The facts of this case are thoroughly set forth in our prior opinion, Davis v. United General Insurance Co., 93-738 (La.App. 3rd Cir. 2/2/94); 631 So.2d 572, writ granted, 94-C-0875 (La. 7/1/94); 639 So.2d 1180, wherein we held that plaintiff, Thomas Davis, was not entitled to temporary total disability benefits as a result of his April, 1982 knee injury. We concluded that, because of his extensive post-surgery hhistory of labor-intensive employment, the trial court erred in applying the “working in substantial pain” doctrine to find him temporarily and totally disabled. Instead, this court found that he was entitled to supplemental earnings benefits (SEB) and remanded to the trial court for a determination of the amount, if any, to which he was entitled.
Davis then sought a writ of certiorari and/or review with the Supreme Court. On July 1, 1994, the Supreme Court granted the writ and vacated this court’s prior judgment stating we erred, “... insofar as it determined that the law in effect at the time the injury developed (December 30, 1983) governed, rather than the law in effect at the time of the accident (April 5, 1982)”. The Supreme Court remanded the case to this court to consider Davis’ disability based on the law in effect on the date of the accident.
La.R.S. 23:1221(1), which defines temporary total disability, was amended by the Louisiana Legislature in 1983. Prior to this amendment, the statute read as follows:
Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
*458 (1) For injury producing total disability of an employee to engage in any gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee, at the time of injury, was particularly fitted by reason of education, training, and experience, sixty-six and two-thirds per centum of wages during the period of such disability.
The 1983 amendment to this statute, which became effective on July 1, 1983, made the following italicized changes:
Compensation shall be paid under this Chapter in accordance with the following schedule of payments:
|8(1) Temporary total. For any injury producing temporary total disability of an employee to engage in any self-employment or gainful occupation for wages whether or not the same or a similar occupation as that in which the employee was customarily engaged when injured and whether or not an occupation for which the employee at the time of injury was particularly fitted by reason of education, training, or experience, sixty-six and two-thirds percent of wages during the period of such disability.
We acknowledge the error in our previous opinion wherein we stated that the applicable law is the one in effect on the date of development of the injury. We proceeded to apply the latter amended version of the statute instead of the former version which was in effect on the date of the accident. However, we correctly recognized in our opinion that, despite the dramatic changes in the workers compensation law which occurred in 1983, the “working in substantial pain” doctrine remained applicable to temporary total disability cases. Applying this recognized principle, we concluded that plaintiff failed to prove that his pain while working was substantial enough to be disabling for purposes of temporary total disability.
On remand from the Supreme Court, we conclude that, under the 1982 version of La. R.S. 23:1221(1) as applied to the particular facts of this case, Davis is likewise not entitled to temporary total disability benefits. Clearly, the amendment of the statute, insofar as its application to the instant facts are concerned, did not substantively change the law. Under the 1982 version of the statute, the claimant’s burden of proof is the same as under the 1983 amended version, i.e., to show by a preponderance of the evidence that the injury resulted in his disability “... to engage in any gainful occupation for wages ...”. A claimant can, however, recover temporary total disability benefits despite working if his injuries are such that performance of important functions of his old trade involve substantial pain and suffering. The record indicates that, after knee surgery, Davis worked continuously for Serv-Tech_JJbr fourteen months and for VAMAC for more than five years. At the time of trial, he was still employed by VAMAC. Although the residual pain may have affected his ability to do his work to the fullest extent of his capabilities, he was able to perform his labor-intensive duties continuously without having such substantial pain as to be rendered “disabled” for purposes of temporary total disability.
For these reasons and the reasons stated in our previous opinion, we conclude that Davis is entitled to SEB for such periods, if any, when his post-injury wage dropped below 90% of his pre-injury wage. We again remand this ease to the trial court for a determination of the amount of SEB to which Davis is entitled.
All costs of this appeal are to be paid by plaintiff-appellee, Thomas Davis.
AFFIRMED AS AMENDED AND REMANDED.
SAUNDERS, J., dissents and assigns written reasons.
KNOLL, J., dissents for the reasons assigned by SAUNDERS, J.